4/6/2016 4:07:58 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9985057
By: Nelson Cuero
Filed: 4/6/2016 4:07:58 PM

**2016-21968 / Court: 333**

CAUSE NO. _____

| | | |
|---|---|---|
| NANCT T. YOUNGER-CUSSON<br>ALBERT M. CUSSON | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| VOLVO GROUP NORTH AMERICA, LLC, | § § § | |
| Defendant. | § § | _____JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Nancy T. Younger-Cusson and Albert M. Cusson (hereinafter "Plaintiffs" or "the Cussons") file their petition and for cause of action will show the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends that discovery in this case is to be conducted under level 2 as described by Texas Rule of Civil procedure 190.3.

### PARTIES

2.  Plaintiffs are individuals who reside and did reside in the state of Florida at all relevant times.

3.  Defendant Volvo Group North America LLC. (hereinafter "Volvo") is, upon information and belief a limited liability company doing business in Texas and maintains a physical address at 7900 national service Rd. Greensboro North Carolina 27409. Volvo will be served via civil process server.

Certified Document Number: 69708614 - Page 1 of 11

**EXHIBIT A**

## JURISDICTION

4.  The court has general jurisdiction, and in the alternative specific jurisdiction, over Volvo because, upon information and belief is a limited liability company registered in the State of North Carolina but conducts business in Texas, Plaintiffs purchased their Volvo Truck in Harris County Texas and/or it has sufficient minimum contacts with Texas and this court asserting jurisdiction over Volvo does not offend traditional notions of fair play and substantial justice.

## VENUE

5.  Venue is proper in Harris County. Specifically, Venue is mandatory in Harris County, Texas, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County, Texas.

## NOTICE

6. In accordance with Texas Business and Commerce Code section 17.505(b) Plaintiffs did not file a 60-day written because it is rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations.

## FACTUAL BACKGROUND

7. The Plaintiffs own and operate a transportation company named AMC Logistics. On April 11, 2014, the Cussons took delivery of a new 2014 Volvo VNL 780 (the "Truck") from Sweeten Truck Center, L.C., a franchised dealer of the Defendant, Volvo Group North America, LLC, in Houston, Texas. Plaintiffs bought the truck to use it in their commercial transportation business. The vehicle had 1,201 miles at delivery.

**EXHIBIT A**

The applicable warranty's basic coverage lasts for 12 months or 100,000 miles or 3,250 operating hours.

8. Minutes after taking delivery of the Truck, Plaintiffs noticed that the Truck's wheels were badly misaligned and that it was pulling strongly to one side. They took it back to the dealership for an alignment. After leaving the dealership for the second time and as they drove for over 200 miles they noticed the cab of the Truck was unstable as if it was detached from the frame of the Truck. The problems with the cab caused control issues for the driver as well as interfering with required berth times. Because of the cab instability, the Plaintiffs were unable to use the beds in the cab of the truck to run team shifts.

9. Plaintiffs also noticed that the back of the cab frequently "bottoms out" and causes injury to the driver's back spine and neck. Plaintiffs were also concerned that the TriPac auxiliary power unit (APU), located under the workstation, emitted carbon monoxide and the bowed section with improper sealing allowed air to come into the cab causing a hazardous condition. Further the Truck's cab constantly moved left and right especially during windy days and when road surfaces were bumpy. Cross winds, bridge abutments, construction zones, roads in disrepair, exacerbated the difficult driving conditions of the Truck. During their freight trips Plaintiffs experienced the Truck pulling aggressively to one side and resistance their effort to steer.

10. During their ownership Plaintiffs took the Truck for repair no less than 14 times for the same cab and ride-related issues.

Because the Plaintiffs rely on the Truck to make a living, they had no choice but to endure the dangerous conditions the Truck created in order to make ends meet and

**EXHIBIT A**

continue to operate their business. As a direct result of the Truck bottoming out and whipping violently left to right both Mr. and Mrs. Cusson suffer from chronic headaches and were diagnosed with back, spine and neck injuries directly related to the defective condition of the Truck.

11.     Further, because of the defective condition of the Truck, Plaintiffs were not able to fully optimize the use of the Truck and thus suffered loss of income throughout the period of their ownership of the Truck.

12.     Plaintiffs then filed a complaint against Volvo with the Texas Department of Motor Vehicles seeking relief pursuant to Texas Occupations Code §§ 2301.601-2301.613 (Lemon Law) for alleged warrantable defects of the Truck. On March 28 2016, the office of the Administrative hearing decided that the Truck had warrantable defects that substantially impairs the vehicle's use and that the Plaintiffs vehicle qualifies for a repurchase/replacement.

13.     Plaintiffs file this suit to recover personal injury /medical damages, loss of business damages and other damages caused to them by the defective condition of the Truck in amounts to be determined at trial.

## CAUSES OF ACTION

### I.     Violation of the DTPA

14.     This Claim is filed pursuant to the provisions of Section 14.41 et Seq. of the Texas Deceptive Trade and Practices Act (DTPA) upon the grounds that acts and procedures of Defendant as described in this complaint are prohibited by statute including but not limited to 17.46(a), 17.46(b)(7), 17.46(b)(12), 17.46(b)(13), 17.46(b)(24). Plaintiff further bring cause of action under 17.50 (a)(2) for breach of express and implied warranty.

Certified Document Number: 69708614 - Page 4 of 11

**EXHIBIT A**

15.     At All times relevant to this Suit, Plaintiffs were acting as a consumers as defined in Section 17.45(4) of the Texas Deceptive Trade Practices Act and Defendant was engaged in " Trade and Commerce" as defined in Section 17.45(6) of the Texas Deceptive Trade Practices Act.

16.     Defendant is a company and can be sued under the DTPA.

17.     Defendant violated the DTPA when Defendant engaged in false, misleading, or deceptive acts or practices and an unconscionable action or course of action that, to Plaintiff's detriment, took advantage of Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree. Specifically, Defendant violated the DTPA when Defendant sold Plaintiffs a defective vehicle and refused to properly remedy the situation, which caused Plaintiffs to suffer damages.

18.     <u>Additional Damages</u>: Defendant acted knowingly and/or intentionally, which entitles the Plaintiff to recover treble damages under Texas business & Commerce code section 17.50(b)(1).

19.     <u>Attorney's fees</u>: Plaintiffs are entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas business & Commerce Code section 17.50(d). Plaintiffs request that Defendant pay to Plaintiffs' his legal fees incurred in connection with this lawsuit. Legal fees continue to accrue during the litigation of this matter.

## II.     Strict Products Liability

20.     At all times, Defendant were in the business of importing, manufacturing, distributing, and marketing freight trucks ("Product").

21.     There was a manufacturing defect in the Product when it left Defendant's possession and control. The Product was defective because its cab was dangerously

Certified Document Number: 69708614 - Page 5 of 11

**EXHIBIT A**

unstable which was a condition of the product that rendered it unreasonably dangerous.

22. There was a marketing defect in the Product when it left Defendant' possession and control. The Product was defective because its cab was unstable and Defendant failed to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known.

23. Defendant also failed to give adequate warnings and instructions to avoid such dangers. Defendant' failure to provide such warnings and instructions rendered the Product unreasonably dangerous.

24. Defendant's conduct was a direct, proximate, and producing cause of Plaintiffs' injuries and damages set forth below.

25. Defendant is therefore strictly liable for importing, manufacturing, distributing, and marketing defective and unreasonably dangerous Product and introducing it into the stream of commerce.

### III. Negligence

26. Defendant owed Plaintiffs a duty of ordinary care in the manufacture, preparation, testing, packaging, marketing, distribution, and selling of the Product in question.

Further, Defendant owed Plaintiffs the duty of warning or instructing Plaintiffs of potentially hazardous or life-threatening conditions with respect to the Product.

27. Defendant breached their duties in one or more of at least the following ways:

    a. negligently importing, manufacturing, distributing, and marketing the Product; failing to properly test the Product before placing it into the stream of commerce;

Certified Document Number: 69708614 - Page 6 of 11

**EXHIBIT A**

  b. failing to inspect the Product from any defects;

  c. failing to apply their own policies and procedures to ensure the safety the Product;

  d. failing to properly train and supervise its employees and agents to prevent the delivery of a defective Product;

  e. failing to warn Plaintiffs and the general public of the dangerous propensities of the Product, particularly that it was defective, despite knowing or having reason to know of such dangers; and

  f. failing to timely remedy the situation and repair or replace the defective product.

28. Defendant's conduct was a direct, proximate, and producing cause of Plaintiffs' injuries and damages set forth below.

29. All dangers associated with the defective Product were reasonably foreseeable and/or discoverable by Defendant at the time Defendant placed the Product into the stream of commerce.

### IV. Implied Warranty of Merchantability

30. Defendant is liable to Plaintiffs for breach of the implied warranty of merchantability. TEX. BUS. & COM. CODE § 2.314.

31. Plaintiffs are consumers.

32. Defendant is a merchant who manufactures and market the Product.

33. Because Defendant is a merchant, the Product at issue was sold with an implied warranty of merchantability created under § 2.314 of the Texas Business and Commerce Code.

Certified Document Number: 69708614 - Page 7 of 11

**EXHIBIT A**

34. Defendant breached the implied warranty of merchantability because Defendant manufactured and sold a Product that was not fit for its ordinary purpose and lacked something necessary to be adequate. Specifically, the Product was defective in that it exhibited multiple issues creating a hazardous condition.

35. Defendant did not disclaim the implied warranty of merchantability.

36. Defendant's breach of warranty was a proximate and producing cause of Plaintiffs' injuries.

37. Plaintiffs suffered damages as a result of Defendant's breach of warranty.

### V. Implied Warranty of Fitness for Particular Purpose

38. Defendant is liable to Plaintiffs for breach of the implied warranty of fitness for particular purpose. TEX. BUS. & COM. CODE § 2.315.

39. Plaintiffs are consumers.

40. Defendant is a merchant who manufacture and market the Product.

41. Defendant manufactured the Product which was defective.

42. Plaintiffs relied on Defendant's skill, reputation and judgment when representing that the Product at issue was fit commercial transportation.

43. Defendant breached the implied warranty of fitness for particular purpose because Defendant manufactured and sold the Product that was not fit for its intended use.

44. Defendant did not disclaim this warranty.

45. Defendant's breach of warranty was a proximate and producing cause of Plaintiffs' damages and injuries.

46. Plaintiffs suffered damages as a result of Defendant' breach of warranty.

Certified Document Number: 69708614 - Page 8 of 11

**EXHIBIT A**

## VI.    Damages

55.    As a result of the acts and omissions outlined above, Plaintiffs have suffered, and will continue to suffer in the future, damages within the jurisdictional limits of this Court.

56.    For Plaintiffs' manufacturing defect, marketing defect, and negligence claims, Plaintiffs seek damages for past and future: pain and suffering, mental anguish, physical Impairment, physical disfigurement, lost earnings, medical, pharmaceutical and hospital expenses, pre-judgment and post-judgment interest, and costs of court.

57.    For Plaintiffs' warranty and DTPA claims, Plaintiffs seek damages for past and future: lost earnings, property damage, medical, pharmaceutical and hospital expenses, mental anguish, attorneys' fees, pre-judgment and post-judgment interest, and costs of court.

## VII. Gross Negligence and Exemplary Damages

58.    Defendant's conduct as described above constituted acts and/or omissions which, when viewed objectively from their standpoint at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Accordingly, Defendant's actions constitute gross negligence and Plaintiffs seek an award of exemplary damages.

## VIII.    Treble Damages

59.    Defendant knowingly and intentionally breached the implied warranties of merchantability and fitness for particular purpose and thus violated the DTPA. Plaintiffs

Certified Document Number: 69708614 - Page 9 of 11

**EXHIBIT A**

are therefore entitled to treble economic damages and mental anguish damages under the DTPA.

## REQUEST FOR DISCLOSURE

60.     Under Texas Rule of Civil Procedure 194, Plaintiffs requests that Defendant disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## CONDITIONS PRECEDENT

61.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## STATEMENT OF RELIEF SOUGHT

62.     Pursuant to Rule 47(c), Plaintiff seeks monetary relief over Two Hundred Thousand Dollars ($200,000) but no more than One Million Dollars ($1,000,000.00) including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## JURY DEMAND

63.     Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## PRAYER

64.     **WHEREFORE**, Plaintiffs pray that Defendant be cited to appear and answer and that upon trial of this matter, Plaintiffs be awarded the following:

   a. Past and future actual damages;

   b. Past and future economic damages;

   c. Exemplary damages;

   d. Treble damages under the DTPA;

Certified Document Number: 69708614 - Page 10 of 11

**EXHIBIT A**

e. Attorney's fees;

f. Court costs;

g. Pre-judgment interest at the highest rate allowed by law;

h. Post-judgment interest at the highest rate allowed by law; and

i. All other relief to which Plaintiffs are entitled.

Respectfully submitted on April 6, 2016

/s/ Mehdi Cherkaoui

Mehdi Cherkaoui
Texas Bar No. 24086077
Cherkaoui & Associates P.L.L.C.
1200 Smith Street Suite 1600
Houston, TX 77002
Phone: 281-946-9466
Fax: 877-282-7874
Mehdi@cherkaouilawfirm.com

**Attorney for Plaintiffs**

Certified Document Number: 69708614 - Page 11 of 11

**EXHIBIT A**



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 17, 2016

Certified Document Number:        69708614 Total Pages:  11

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**EXHIBIT A**